## SUPREME COURT.

### Peter J. Bergen agt. William J. Stewart and John Clapp, Jr.

The court has the power to direct an entry to be made by the clerk on the docket of the judgment " secured by appeal " *upon such terms* as it may deem fit, and by requiring that an *additional surety* be given, is clearly within the provision of § 282 of the Code.

The defendants were sureties in the original undertaking, and the plaintiff an additional surety upon the appeal by virtue of an order of the court, *Held,* that the latter thereby assumed an equal responsibility with the former. The plaintiff as well as the defendants were in fact sureties for a principal debtor in relation to one and the same transaction, and the doctrine of *contribution* is clearly applicable to such a case.

Therefore, where the plaintiff claimed in his complaint to recover the full amount of the judgment paid by him on appeal, *Held,* that his remedy must be confined to a *proportionate share* against the defendants as his co-sureties.

*New York, Special Term, April,* 1864.

Action by the plaintiff to recover of the defendants, who were sureties on an original undertaking on appeal, the amount of the judgment rendered on appeal, which the plaintiff had paid as an additional surety on such appeal.

J. W. & W. W. Culver, *for plaintiff.*
W. V. McDaniel & H. W. Robinson, *for defendant Stewart.*

Miller, J.   I think that the undertaking executed by Bergen was a valid one, and that he was legally liable upon the same.   (*See Blanchard* agt. *Thompson,* 3 *Coms.* 335; *Seacord* agt. *Morgan,* 17 *How. Pr. R.* 374.)   Although not executed upon the original appeal, yet, being made in pursuance of an order of the court, it was quite as valid and effectual.   The court had power to direct an entry to be made by the clerk on the docket of the judgment " secured by appeal" upon such terms as they should deem fit, and by requiring that an additional surety be given were clearly within the provision of section 282 of the Code.

The order of the judge that the application be granted upon the defendant's adding a bond with one surety, who should justify upon notice, and his subsequent approval of the undertaking signed by the plaintiff, shows that he intended that such an instrument should be executed.   The use of the word bond, instead of undertaking, by no means affects the validity of the instrument; and, as the instrument was such as is provided for by the Code in cases of appeal, it can scarcely be claimed that the judge exceeded his authority in making the order.   Its validity does not depend upon the fact that the judge approved it, but it is a valid and legal security, because it was in conformity to the provisions of the Code.

I am of the opinion that the execution of the undertaking by Bergen was a part and portion of the same transaction as the making of the original undertaking upon the appeal.   They were one and the same transaction, and related to the same judgment, and the same subject matter.   The consideration for both was the appeal from the judgment, and when the defendants executed the undertaking, signed by them, they did so with full knowledge

that the court had the power to make the order which was made. It was not the act of Bergen, but the order of the court which effected the release of the lien of the judgment upon the real estate of the defendant therein.

The court by its order directed that an additional surety be added on the appeal by the execution of another instrument for that purpose, thereby increasing the number and dividing the responsibility of each, and I discover no valid legal ground why the sureties on the first undertaking should not contribute their share towards the payment of the judgment paid by Bergen.

The defendants were sureties on the original undertaking, and Bergen an additional surety upon the appeal by virtue of an order of the court. The latter thereby assumed an equal responsibility with the former. The plaintiff as well as the defendants "were in fact sureties for a principal debtor in relation to one and the same transaction" (*Nelson* agt. *Coons,* 3 *Denio,* 132), and the doctrine of contribution is clearly applicable to such a case.

Although the plaintiff claims in the complaint to recover the full amount paid by him, his remedy must be confined to a proportionate share against his co-sureties. As it appears that the defendant Clapp is insolvent, I think that Stewart should be charged with one-half of Clapp's share. Stewart should be credited with the $1,020 paid by him, as the sale of the cotton appears to have been for his individual benefit. The plaintiff is not entitled to recover the costs of the suit litigated by him. At most he would be entitled to the costs of a judgment by default, (*Holmes* agt. *Weed,* 24 *Bar.,* 546).

In accordance with these suggestions, findings may be drawn up and served on the attorney for the defendant Stewart, and settled upon notice, and judgment entered in favor of the plaintiff, with costs.